UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:13-CR-68 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JAMES S. STINNETT | ) | |

## MEMORANDUM & ORDER

Before the Court is Defendant's oral motion to waive interest on the $50,000 fine the Court imposed as part of his sentence on December 19, 2018. The Court allowed the parties to supplement their positions on waiving interest in writing. The United States filed a response in opposition on December 20, 2018, asserting Defendant can avoid interest altogether by paying the fine in full. (Doc. 65.) Defendant replied the next day, reiterating his position that neither his retirement funds nor his residence should be considered as funds from which he could pay his fine, and that the only way his fine could be paid in full immediately is if his family members were to pay it. (Doc. 66.)

Defendant's presentence investigation report reflects a total net worth of over $450,000, including approximately $220,000 in a 401(k) account, $130,000 in equity in his residence, and $90,000 in a family revocable trust. (Doc. 61 ¶ 192.) He has a monthly salary of $1,500 and a negative monthly cash flow. (*Id.*)

By statute, a fine or more than $2,500 "shall" bear interest starting fifteen days after the fine is imposed. 18 U.S.C. § 3612(f)(1). But "[i]f the court determines that the defendant does not have the ability to pay interest under this subsection, the court may" waive interest, limit it to a specific dollar amount, or limit the length of time over which it accrues. 18 U.S.C. § 3612(f)(3). Interest is therefore mandatory unless a defendant establishes he or she cannot pay it.

The parties' arguments are directed to whether Defendant can pay his fine in an immediate lump sum, not to the standard set out in the statute, whether he can pay interest. Under either standard, Defendant's position is not persuasive.

As to Defendant's ability to pay interest, the Court concludes Defendant's guideline-range fine of $50,000 is not so large in relation to his assets and earning potential that it is impossible for him to pay interest on it.[1]

As to Defendant's ability to pay the fine immediately, he asserts that a 401(k) "is not really an asset at all" and should not be considered in connection with a fine. (Doc. 66 at 1.) Defendant cites no authority for this proposition, but he argues elsewhere that he will have to rely heavily on his 401(k) account for his retirement because "his future earning capacity will be diminished as a result of his conviction and imprisonment." (Doc. 50 at 19.) In his reduced job prospects, however, Defendant is no different than most other criminal defendants who are convicted of felonies and may have to pay fines. And even setting aside Defendant's 401(k)—which the Court sees no reason to do—Defendant's net worth of approximately $245,000, including some $90,000 in revocable trust assets, give Defendant multiple sources from which to obtain funds satisfy his fine within a short period of time if he wishes to do so. (*See* Docs. 61 at 32–33, 50 at 19.)

Defendant's motion to waive interest is **DENIED**.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because this is the standard set out in the statute, the Court considers it dispositive. The Court will nevertheless address Defendant's arguments about immediate payment of the fine for the sake of completeness.